

United States District Court
Southern District of Texas
ENTERED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS   APR 2 6 2000
- BROWNSVILLE DIVISION -

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DONALD J. JAMES,<br>    Plaintiff-Petitioner, | §<br>§<br>§ | CIVIL ACTION NO. B-00-023 |
| VS. | §<br>§ | CRIMINAL NO. B-96-349 |
| UNITED STATES OF AMERICA,<br>    Defendant-Respondent. | §<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Donald J. James ("James") has filed a petition (Docket No. 1) pursuant to 28 U.S.C. § 2255 seeking a two point reduction in his sentence because of his status as an alien. The Government has filed an Answer (Docket No. 2) which this court construes to be a Motion to Dismiss.

### BACKGROUND

Following a guilty plea to count two of an indictment charging him with possession with intent to distribute cocaine James was sentenced to 63 months in custody. His appeal to the Fifth Circuit was dismissed as frivolous.

### THE § 2255 PETITION

James claims that newly discovered case law shows that he is entitled to a two point downward departure which is being denied him because of his alien status.

### RECOMMENDATION

James is wrong. The Fifth Circuit has addressed this very point. *United States v. Nnanna*, 7 F.3d 420, 421-422 (5th Cir. 1993). This case held that collateral consequences which

an alien might suffer such as likelihood of deportation or ineligibility for more lenient conditions of confinement are not grounds for a downward departure.

Even had the sentencing court erred in failing to grant a downward departure, James is precluded from raising that point in a § 2255 petition. the Fifth Circuit has stated that claims involving technical applications of the guidelines are not cognizable in a § 2255 petition. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**.  IT IS FURTHER RECOMMENDED that Donald J. James' Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 25th day of April, 2000.

John Wm. Black
United States Magistrate Judge